UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TIMOTHY CONNOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:24-cv-40033-MRG |
| | ) | |
| DEPARTMENT OF CONSERVATION and RECREATION, UNITED STATES DEPARTMENT OF AGRICULTURE, EDWARD ROBINSON, RYAN VASQUEZ, and PETER CHURCH, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS [ECF No. 15, 27]**

**GUZMAN, J.**

Plaintiff Timothy Connolly, an employee of Massachusetts Department of Conservation and Recreation ("DCR"), alleges that DCR, the United States Department of Agriculture ("USDA"), and its employees, Edward Robinson, Ryan Vasquez, and Peter Church, refused to accommodate his disability, retaliated against him, and engaged in unlawful employment practices in violation of the American with Disabilities Act (the "ADA"), the Massachusetts Fair Employment Practices Act ("c. 151B"), and state tort and common law. Pending before the Court are Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). [ECF No. 15, 27]. For the reasons set forth below, the Motions to Dismiss are **GRANTED**.

## I.   BACKGROUND

### A. Relevant Facts[1]

Plaintiff, Timothy Connolly, is a tree climber in the Asian Longhorned Beetle Cooperative Eradication Program, and at all relevant times was employed by both DCR and USDA. [Compl. ¶¶ 5, 9-10, ECF No. 1]. From December 2018 until April 2021, Plaintiff worked out of an office building leased by USDA at 240 Barber Ave., Worcester, MA ("Barber Ave. Building"). [Id. ¶ 26]. The Barber Ave. Building was tested for and confirmed to have asbestos. [Id. ¶¶ 28-29, 89]. Exposure to this asbestos caused Plaintiff's preexisting asthma to worsen. [Id. ¶ 2]. On December 24, 2018, Plaintiff was examined and diagnosed with a hernia, for which he underwent surgery on January 2, 2019. [Id. ¶ 31]. Plaintiff returned to work light duty on January 11, 2019. [Id. ¶ 37]. Plaintiff informed his supervisor, Ben Gardner, of his need for accommodations, requesting his team be increased from two to three tree climbers, limiting himself to climbing two trees a day with light duty days to recover, and not lifting more than 10-15 pounds. [Id. ¶¶ 37, 46]. Gardner agreed to these accommodations. [Id. ¶¶ 32-33, 46].

Plaintiff claims that due to his injuries, Edward Robinson, a USDA employee, engaged in discriminatory and harassing behavior, including making offensive comments, spreading rumors, and hanging an inappropriate picture at Plaintiff's workstation. [Id. ¶¶ 2, 47, 57, 67, 104]. On June 21, 2019, Plaintiff met with Ryan Vazquez, Robinson's USDA supervisor, to discuss Robinson's ongoing harassment. [Id. ¶ 57]. In August 2019, to prevent Robinson's harassment, Plaintiff requested that to be demoted from team lead and Gardner complied with such request. [Id. ¶ 62]. Plaintiff also informed Peter Church, Director of Forestry for DCR, of Robinson's ongoing

---

[1] On a motion to dismiss, the Court sets forth the facts taking as true all well-pleaded allegations in the complaint and drawing all reasonable inferences in the Plaintiffs' favor. See Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 17 (1st Cir. 2008).

harassment, and requested his assistance in bringing the harassment to an end. [Id. ¶ 63]. In December 2019, Plaintiff met with Nicole Kelleher, a newly hired DCR supervisor, and requested that Robinson be barred from having any further contact with him. [Id. ¶¶ 74-75]. Plaintiff then filed his first complaint with the Massachusetts Commission Against Discrimination ("MCAD") on December 20, 2019. [Id. ¶¶ 69, 76].

In January 2020, Plaintiff met with Vasquez, Church, and an attorney from the Executive Office of Energy and Environmental Affairs ("EOEEA") to discuss Robinson's harassment. [Id. ¶ 80]. That same month, Plaintiff was diagnosed with posttraumatic stress disorder because of the workplace harassment. [Id. ¶ 81]. In early January 2020, DCR requested that Plaintiff fill out formal ADA paperwork regarding his continuing requests for reasonable accommodation, despite Plaintiff's repeated attempts to request accommodations since December 2019. [Id. ¶¶ 60, 82]. In April 2021, Robinson contacted Plaintiff via email. [Id. ¶ 90]. In August of 2022, while working on an assignment for USDA, Robinson approached Plaintiff to request a meeting regarding Plaintiff's "passive anger." [Id. ¶ 91]. Plaintiff reported the interaction to DCR on August 30, 2022. [Id. ¶ 93]. A meeting was scheduled for September 2022 but prior to the meeting, Plaintiff was informed he would be placed on administrative leave beginning September 22, 2022. [Id. ¶ 94].

Plaintiff was placed on administrative leave from September 22, 2022 to December 4, 2023. [Id. ¶¶ 95, 103]. Plaintiff's leave was the result of an investigation into Plaintiff's alleged inappropriate workplace behavior, which Plaintiff believes was reported by Church. [Id. ¶¶ 93 – 100]. While on administrative leave, Plaintiff believes that "Defendants" spread rumors and made disparaging comments regarding him and indicated that other DCR employees were uncomfortable about Plaintiff's return to the workplace. [Id. ¶ 104]. Plaintiff was and remains barred from federal workplaces. [Id.] Plaintiff also believes that Church spoke with police officers who came to DCR's

3

offices during Plaintiff's administrative suspension, and Church stated that Plaintiff had engaged in inappropriate behavior and was to be terminated. [Id. ¶ 99]. Plaintiff however currently remains employed by DCR. [Id. ¶ 2].

### B.  Procedural History

On or around June 15, 2023, Plaintiff filed a proper and timely charge of discrimination with MCAD. [Id. ¶ 15.] The charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). [Id.] On February 29, 2024, Plaintiff filed the present Complaint against Defendants. [ECF No. 1]. Plaintiff's Complaint alleged fourteen causes of action including violations of the ADA (Failure to Accommodate, and Discrimination and Retaliation); Mass. Gen Laws ch. 151B, § 4(16) (Handicap Discrimination); Mass. Gen. Laws ch. 151B, § 4(4) (Retaliation); Mass. Gen. Laws ch. 151B, §4(4A) (Coercion, Intimidation, Interference and Threats); Mass Gen. Laws ch. 151B, § 4(5) (Aiding and Abetting); Intentional Infliction of Emotional Distress; Defamation; Breach of the Implied Covenant of Good Faith and Fair Dealing; and Mass. Gen. Laws ch. 152, § 75B(2) (Retaliation for Workers' Compensation). [Id.]

On July 23, 2024, the DCR and Peter Church (collectively, the "Commonwealth Defendants") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 15]. On October 28, 2024, the USDA, Edward Robinson, and Ryan Vasquez (collectively, the "Federal Defendants") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). [ECF No. 27]. On December 6, 2024, in Plaintiff's Opposition to the Federal Defendants' Motion to Dismiss, the Plaintiff voluntarily dismissed his claims against the USDA and against individual defendants Robinson and Vasquez under the ADA and Mass. Gen. Laws. ch. 151B § 4(16). [ECF No. 32 at 2].

## II.    LEGAL STANDARDS

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Ayyadurai v. Galvin, 560 F. Supp. 3d 406, 410 (D. Mass. 2021) (quoting Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 515 U.S. 1144 (1995)). "If the party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss." Id. The district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor" when ruling on a Rule 12(b)(1) motion. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citations omitted). A plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law" or "[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts[.]" Murphy, 45 F.3d at 522 (citations omitted).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citation omitted). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true

5

(even if doubtful in fact)." Id. at 555 (citations omitted). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citations omitted).

### III. DISCUSSION

#### A. FEDERAL DEFENDANTS MOTION TO DISMISS [ECF No. 27]

##### a. Claims Against USDA (Counts I-IV, XI-XIII)

Plaintiff has voluntarily dismissed all claims against USDA. [ECF No. 32 at 2] ("Plaintiff also voluntarily dismisses his claims against the USDA."). As a result, the Federal Defendants' motion to dismiss is moot as to USDA.

##### b. Chapter 151B Discrimination Claims Against Robinson and Vazquez (Counts III-VIII)

Chapter 151B, Massachusetts Anti-Discrimination Act, prohibits discrimination based on disability or handicap. Mass. Gen. Laws ch. 151B, § 4(16). Chapter 151B creates a comprehensive statutory scheme for such employment discrimination claims. Id. § 9. However, the Supreme Court has emphasized that Title VII "provides the exclusive remedy for claims of discrimination in federal employment." Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976) (emphasis added). The Rehabilitation Act incorporates the remedies and procedures set forth in Title VII. See 29 U.S.C. § 794a(a)(1). Therefore, Title VII and the Rehabilitation Act provides the exclusive remedy for claims based on disability discrimination in the federal workplace.

Here, Plaintiff's Chapter 151B claims against Robinson and Vazquez are all forms of discrimination claims stemming from his federal employment.[2] Plaintiff, as an alleged federal

---

[2] Plaintiff's Complaint asserts that he was employed, in part, by USDA for more than 13 years, that Robinson was the USDA tree climbing and building supervisor of the building Plaintiff was working in, and that Vasquez was the Program Director for the USDA's program that Plaintiff was working under. [Compl. ¶¶ 2, 41, 57].

6

employee, cannot assert state law discrimination claims against federal employees.[3] See Healy v. Henderson, 275 F. Supp. 2d 40, 45 n.42 (D. Mass. 2003) ("Since Plaintiff is a federal employee, []he must avail [him]self of federal law rather than seek remedy in Massachusetts's anti-discrimination laws."). Furthermore, Title VII and the Rehabilitation Act prohibit causes of action against individual supervisors or coworkers. 42 U.S.C. § 2000e-16(c) (in a civil action, "the head of the department, agency, or unit, as appropriate, shall be the defendant."); Williams v. Shinseki, No. 11-40030-FDS, 2012 WL 1581343, at *2 (D. Mass. May 2, 2012) ("[A] complaint that names as individual defendants persons other than the head of the relevant department or agency must be dismissed as against those individuals."); Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) ("Title VII does not provide a cause of action for damages against supervisors or fellow employees."). Thus, because Title VII and the Rehabilitation Act provide the exclusive remedy for workplace discrimination in a federal workplace and because these claims cannot be asserted against individual employees, the Federal Defendants' motion to dismiss the Chapter 151B claims (Count III-VIII) is **GRANTED** as to Robinson and Vasquez.

### c. Common Law Tort and Contract Claims Against Robinson and Vazquez (Counts XI-XIII)

Plaintiff's claim of intentional infliction of emotional distress (Count XI), defamation (Count XII), and breach of implied covenant of good faith and fair dealing (Count XIII), all arise out of the same conduct that formed the basis of his employment discrimination claims. The First Circuit has emphasized that "where the gravamen of the claim is Title VII discrimination, the only remedy available is under Title VII." Rivera-Rosario v. U.S. Dep't of Agric., 151 F.3d 34, 38 (1st Cir. 1998) (citing Brown, 425 U.S. 820). Therefore, this Court finds as a matter of law that Title VII and the Rehabilitation Act provide Plaintiff the sole remedy for his claims against the Federal

---

[3] Plaintiff, as an alleged state employee, may be able to assert state law discrimination against other *state* employees.

7

Defendants because they are based on the same conduct that gave rise to his employment discrimination claims.[4] See Bangura v. Shulkin, 334 F. Supp. 3d 443, 466 (D. Mass. 2018) ("Where, as here, the claim of intentional infliction of emotional distress is 'wholly derivative from the alleged conduct giving rise to [his] Title VII' and Rehabilitation Act claims, the tort claim has been preempted."). Thus, the Federal Defendants' motion to dismiss the common law claims (Count XI-XIII) is **GRANTED**.

### B.  COMMONWEALTH DEFENDANTS' MOTION TO DISMISS [ECF No. 15]
#### a. ADA Claims Against DCR (Counts I-II)

Title I of the ADA prohibits covered entities from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA also imposes liability for an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability[.]" Id. § 12112(5)(A). The Plaintiff's complaint alleged violations of the ADA under Failure to Accommodate and Discrimination and Retaliation against DCR. [Compl. ¶¶ 116-133].

The Eleventh Amendment guarantees that "nonconsenting states may not be sued by private individuals in federal court" unless Congress has unequivocally abrogated such immunity. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). "Title I of the ADA does not abrogate the states' sovereign immunity under the Eleventh Amendment, and, thus, [] suits under Title I brought in federal court by state employees against the state or state agencies are barred."

---

[4] Even if Plaintiff argues that these claims were not based on "discrimination," it would still fail because a federal employee seeking to remedy wrongdoing in the federal workplace, other than discrimination, must bring such claims pursuant to the Civil Service Reform Act. Roth v. United States, 952 F.2d 611, 614 (1st Cir. 1991).

Hicks v. Mass. Dep't of Transp., 511 F. Supp. 3d. 8, 14 (D. Mass. 2021) (citing Garrett, 531 U.S. at 360, 374). Here, "DCR does not consent to suit in federal court." [ECF No. 15 at 8]. Because there has been no waiver of the government's sovereign immunity, Plaintiff's claims against DCR brought under Title I of the ADA must be DISMISSED, and Commonwealth Defendants' motion to dismiss the ADA claims (Count I-II) is **GRANTED**.

### b. Remaining State Claims Against Commonwealth Defendants (Counts III-IV, IX-XIV)

"[F]ederal courts are courts of limited subject matter jurisdiction and must have explicit authority to decide a case." Gonzalez-Cancel v. Partido Nuevo Progresita, 696 F.3d 115, 119 (1st Cir. 2012) (citing Bonas v. Town of North Smithfield, 265 F.3d 69, 73 (1st Cir. 2001)). Therefore, "courts must always be 'vigilant' about the existence of subject-matter jurisdiction." Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005). If a complaint, like the present one, "includes the requisite federal question, a federal court often has power to decide state-law questions too." Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 27 (2025). However, once the federal-law claim is eliminated, "leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." Id. at 30. Therefore, based on the dismissal of Plaintiff's ADA claims, all the Plaintiff's remaining state law claims against the Commonwealth Defendants must be dismissed. This dismissal is without prejudice to refile in state court. Because all claims in this matter have been dismissed for want of subject matter jurisdiction, the court does not reach Commonwealth Defendant's argument under 12(b)(6). Commonwealth Defendants' Motion to Dismiss the State Claims is **GRANTED**.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss [ECF No. 15, 27] are **GRANTED**.

**SO ORDERED.**

Dated: February 28, 2025

 _/s/ Margaret R. Guzman_
Margaret R. Guzman
United States District Judge
